UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOSEPH IZZO, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | PRISONER CASE |
| v. | : | NO. 3:11-cv-1192 (MRK) |
| | : | |
| PETER MURPHY, et al., | : | |
| | : | |
| Defendants. | : | |

# INITIAL REVIEW ORDER

Plaintiff Joseph Izzo, currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut, has filed a Complaint [doc. # 1] *pro se* under 42 U.S.C. § 1983. Mr. Izzo sues Warden Peter Murphy, Dr. Carson Wright, Nursing Supervisor Erin Doelen, and Correctional Officers Graziano, Papciak, Maloid, and Collella.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoners' civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

Rule 8 of the *Federal Rules of Civil Procedure* requires that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). A complaint

that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Mr. Izzo alleges that on October 3, 2009, defendants Papciak, Maloid, Graziano, Collella punched him in the face, head, neck, back, and lower body and slammed him to the floor. Defendants Collella and Graziano applied handcuffs to Mr. Izzo, cutting off his circulation. Officers then escorted him to the segregation unit. Medical officials at MacDougall denied medical treatment for Mr. Izzo's injuries.

On October 4, 2009, MacDougall officials transferred Mr. Izzo to Northern Correctional Institution. Mr. Izzo sought medical treatment at Northern through inmate requests and grievances, but Nurse Doelen and Dr. Wright refused to provide him with any medical care. Warden Murphy failed to respond to grievances or properly investigate the excessive use of force by defendants Papciak, Maloid, Graziano, Collella and the denial of medical treatment by defendants Wright and Doelen.

Mr. Izzo sues the defendants in their individual and official capacities. He seeks monetary damages and injunctive and declaratory relief.

To the extent that Mr. Izzo sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S.

332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Mr. Izzo alleges that Warden Murphy violated his due process rights because he failed to respond to grievances and conduct a proper investigation of the allegations of excessive use of force by defendants Papciak, Maloid, Graziano, and Collella. To state a due process claim, a plaintiff must prove that he had a liberty interest upon which defendant's conduct infringed. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). It is well-established that "[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005). Thus, Warden Murphy's alleged failure to process Mr. Izzo's grievances does not rise to the level of a constitutional violation.

Furthermore, "prisoners do not have a due process right to a thorough investigation of grievances." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 347 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("The corrections officers' failure to properly address [plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [plaintiff] was not deprived of a protected liberty interest.")). Thus, the alleged failure of Warden Murphy to properly respond to Mr. Izzo's grievances and investigate his allegations of excessive force did not, in itself, violate Mr. Izzo's right to due process. The due process claims against Warden Murphy are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

After careful consideration, the court concludes that the allegations regarding denial of medical treatment by defendants Wright and Doelen, the excessive use of force by defendants Papciak, Maloid, Graziano, Collella, the failure of Warden Murphy to remedy these alleged constitutional violations after learning of them, and the state law claims of assault, battery, and negligence warrant service of the complaint and an opportunity for Mr. Izzo to address defendants' response to the complaint.

**ORDERS**

The Court enters the following orders:

(1) The claims for monetary damages against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The due process claims against Warden Murphy are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The remaining Eighth Amendment claims regarding the denial of medical treatment and excessive use of force as well as the state law claims of assault, battery, and negligence shall proceed against the defendants in their individual and, insofar as injunctive or declaratory relief is sought, official capacities.

(2) Because Mr. Izzo has paid the filing fee to commence this action, he is responsible for effecting service of the complaint. **Mr. Izzo shall** serve the complaint on the defendants in their individual and official capacities in accordance with Rule 4 of the *Federal Rules of Civil Procedure* within **60 days** from the date of this order and file a return of service with the Court within **70 days** from the date of this order. Mr. Izzo is cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General.

(4) **The Pro Se Prisoner Litigation Office shall send instructions on serving a complaint, seven Notice of Lawsuit and Waiver of Service of Summons forms, seven Waiver of Service of Summons forms and seven Summons forms to Mr. Izzo along with a copy of this Order.**

(5) **Defendants shall** file their response to the Complaint, either an Answer or Motion to Dismiss, within **ninety (90)** days from the date of this order. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the *Federal Rules*.

(6) Discovery, pursuant to Rules 26 through 37 of the *Federal Rules of Civil Procedure*, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**IT IS SO ORDERED.**

    /s/ Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 25, 2011.**